UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
MITCHELL H. COHEN U.S. COURTHOUSE
401 Market Street
P.O. BOX 2067
CAMDEN, NJ 08101-2067

FILED
JAMES J. WALDRON, CLERK
NOV 1 2 2015
U.S. BANKRUPTCY COURT
CAMDEN, N.J.
BY _____ DEPUTY

Andrew B. Altenburg, Jr.
U.S. BANKRUPTCY JUDGE

(856) 361-2320

November 12, 2015

William Craig, Esquire
Morton & Craig LLC
Suite 301
110 Marter Avenue
Moorestown, New Jersey 08057

Wykelia S Garner
1701 E Broad St Apt # 412
Millville, NJ 08332

RE:   In re Wykelia S Garner
      Bankr. Case No. 15-28763-ABA

Dear Mr. Craig and Ms. Garner:

This letter is in connection with the Motion to Confirm, Termination or Absence of [Automatic] Stay (the "Motion") pursuant to 11 U.S.C. § 362(c)(4) filed by Mr. Craig on behalf of Sullivan Motors, Inc. ("Sullivan"), Doc. 16, as well as Ms. Garner's response/request[1] to extend the Automatic Stay, Doc. 27, filed on November 4, 2015 in the above referenced matter. The court has considered the arguments of the parties, as well as Mr. Craig's submission of November 11, 2015, Doc. 40, regarding his position as to the inapplicability of the holding of *In re Mortimore*, Civil Action No. 11-955 (RMB), 2011 WL 6717680 (D.N.J. Dec. 21, 2011) to 11 U.S.C. § 362(c)(4).

The undisputed relevant facts are as follows: Ms. Garner filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code on October 5, 2015. Sullivan is a secured creditor of the Debtor. Sullivan is the holder of a first purchase money security interest in a 2004 Ford Explorer (the "Vehicle") by virtue of a Retail Installment Contract and Security Agreement executed by the Debtor on March 9, 2015. Prior to the filing of this case, as a result in a default in payments by Ms. Garner, Sullivan repossessed the Vehicle and still remains in possession of it.

In addition to the instant case, Ms. Garner had two (2) previous cases pending and dismissed within the previous year; Case No. 15-21299, filed on June 16, 2015, and dismissed on

---

[1] The Court is cognizant of Ms. Garner's *pro se* status. Courts are encouraged to be more lenient when a litigant proceeds *pro se*. *In re Rusch*, No. BKR. 09-44799, 2010 WL 5394789, at *2 (Bankr. D.N.J. Dec. 28, 2010). See also *Erickson v. Pardus*, 551 U.S. 89 (2007) (holding that *pro se* documents are to be liberally construed). Courts recognize the importance of proceeding with caution and issuing rulings on the merits, as opposed to narrowly focusing on procedural niceties. *In re Marasek*, No. 08-30919, 2013 WL 5423222, at *2 (Bankr. D.N.J. Sept. 30, 2013); see also *Air Line Pilots Ass'n v. Continental Airlines (In re Continental Airlines)*, 125 F.3d 120, 129 (3d Cir. Del. 1997).

July 14, 2015, and Case No. 15-23727, filed on July 22, 2015, and dismissed on September 25, 2015. Sullivan filed its Motion and oral argument was held on November 10, 2015.

Ms. Garner has filed all necessary documents, and has paid all fees, due to date.[2] Ms. Garner has filed a plan, Doc.29, which addresses the claim of Sullivan. It appears that Ms. Garner has significant monthly disposable income, see Doc. 30, which will enable her to satisfy her plan obligations. Ms. Garner has appeared at every hearing as required. Ms. Garner has testified that there has been a substantial change in her financial affairs as she is now gainfully employed and able to meet her obligations as they become due. She needs the Vehicle to remain gainfully employed.

The court agrees with Mr. Craig's interpretation of section 362(c)(4)(A). Indeed, it is clear from the plain meaning of that statute, and applicable case law, that, unlike under section 362(c)(3)(A), Congress intended that the automatic stay does not take effect as to either the debtor or property of the estate in a case such as this, where two (2) or more cases were pending and dismissed within the previous year. See, Mortimore, 2011 WL 6717680, In re Williams, 346 B.R. 361 (Bankr. E.D. Pa. 2006), and In re Jumpp, 356 B.R. 789 (1st BAP 2006).

However, under section 362(c)(4)(B), if, within 30 days after the filing of the current case, and after notice and a hearing, a debtor requests the court to enter an order that the stay takes effect in the case as to any or all creditors, and the debtor demonstrates that the filing of the case is in good faith as to the creditors to be stayed, id., section 362(c)(4)(A) can be overcome. As to good faith, section 362(c)(4)(D) tells us in pertinent part that:

> **(D)** for purposes of subparagraph (B), a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary)--
>
> (i) as to all creditors if--
>
> (I) 2 or more previous cases under this title in which the individual was a debtor were pending within the 1-year period;
>
> (II) a previous case under this title in which the individual was a debtor was dismissed within the time period stated in this paragraph after the debtor failed to file or amend the petition or other documents as required by this title or the court without substantial excuse (but mere inadvertence or negligence shall not be substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney), failed to provide adequate protection as ordered by the court, or failed to perform the terms of a plan confirmed by the court; or

---

[2] There are three remaining Installment Payments due in the future. There is also an amendment fee due by December 1, 2015. Finally, it appears that Ms. Garner has not paid her first chapter 13 trustee payment and understandably, she may be hesitant to make that payment pending resolution of the Motion. Ms. Garner has assured this court that all outstanding payments will be timely paid.

> (III) there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under this title, or any other reason to conclude that the later case will not be concluded, if a case under chapter 7, with a discharge, and if a case under chapter 11 or 13, with a confirmed plan that will be fully performed; or . . .

11 U.S.C. §362(c)(4)(D). Here, the case is presumptively filed not in good faith.

Under section 362(c)(4)(B), Ms. Garner has timely filed her request for a finding by the court for the stay to take effect.[3] Likewise, notice, through Doc. 27, and a hearing have been given. As to good faith, Ms. Garner has clearly and convincingly shown this court that there has been a substantial change in her financial affairs since the dismissal of her last case, i.e., she is now gainfully employed and expects her income to increase. Unlike previously, she has filed all documents due to date. It appears that Ms. Garner has significant income, enough of which gives the court reason to conclude that a confirmed plan will be fully performed. In addition, Ms. Garner's plan appears to provide for treatment of Sullivan's secured claim in full and nothing in this decision restricts Sullivan from objecting to the plan or from receiving proper treatment of its claim.[4]

In the end, the court believes that Ms. Garner has demonstrated her good faith and section 362(c)(4)(B) has been complied with. The court finds that a stay in effect to all creditors is warranted. An order in that regard is attached.

However, that stay will be conditioned upon Ms. Garner providing adequate protection payments[5] and proof of insurance to Sullivan. Moreover, Ms. Garner must make all plan and other payments when due. Upon any default in plan payments or any other obligation to any creditor, the creditor may file a Certification of Default on notice to Ms. Garner and the court will decide if the automatic stay will remain in effect. Mr. Craig shall prepare and submit the proposed order conditioning the stay on Notice to Ms. Garner. If no timely objection is filed, the court will enter the order if appropriate.

Very truly yours,

Andrew B. Altenburg, Jr.
United States Bankruptcy Judge

Encl.

---

[3] Unlike section 362(c)(3), section 362(c)(4)(B) does not have a requirement that a hearing on a Ms. Garner's request be heard within 30 days. Only the request needs to be made. The court finds that such a request has been timely made.

[4] Sullivan may include any repossession and storage costs and counsel fees as part of its claim.

[5] Until a plan is confirmed and plan payments to Sullivan begin.